41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JoAn MORRIS, Plaintiff-Appellant,
v.
Harris RUSSO, Doctor, individually and severally; et al.,
Defendants-Appellees.
 No. 94-1195.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 JoAn Morris, a pro se Michigan resident, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Morris sued numerous health professionals, attorneys, and insurance companies for multiple state tort claims and constitutional violations. Morris's complaint evolves from a previous state court case, apparently involving injuries which Morris sustained in an automobile accident. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 In her timely appeal, Morris argues that she alleged sufficient facts to state a claim under Sec. 1983, for a violation of her First Amendment rights, and for a violation of her due process rights. Finally, for the first time on appeal, Morris contends that the defendants violated 42 U.S.C. Secs. 1985 and 1986.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Morris's complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 6
 Morris contends that she alleged sufficient facts to state a claim under Sec. 1983. To state a viable Sec. 1983 action, Morris must allege that she was deprived of a right secured by the United States Constitution or the laws of the United States and the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). To be subject to suit, the defendants' actions must be fairly attributable to the state. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). None of the defendants is an employee of the State of Michigan, nor does any defendant have any type of relationship with the state. Although Morris contends that her privately retained attorney is considered a state actor, private attorneys are not considered state actors for the purposes of Sec. 1983. See Flagg Bros., 436 U.S. at 155-57; see also Polk County v. Dodson, 454 U.S. 312, 321 (1981). Therefore, Morris simply has not stated a claim under Sec. 1983.
 
 
 7
 The district court could have retained jurisdiction over the case if Morris had established diversity jurisdiction. Diversity of citizenship under 28 U.S.C. Sec. 1332(a) must be complete. Each defendant must be a citizen of a state different from that of each plaintiff. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). Because Morris and the numerous individual defendants are citizens of Michigan, complete diversity does not exist in this case.
 
 
 8
 Finally, Morris contends that the defendants violated 42 U.S.C. Secs. 1985 and 1986. Morris did not raise this argument in the district court. Therefore, the argument is not reviewable on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation